UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AKIDA BERRY,

        Plaintiff,

v.                                                  Case No. 08-C-0412

WAUSHARA COUNTY JAIL,
RN DAVE REICH and
LT. PETERMAN,

        Defendants.

---

## DECISION AND ORDER

---

    The plaintiff, Akida Berry, who is proceeding *pro se*, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

    Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the

average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $13.21.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

-2-

Case 2:08-cv-00412-LA   Filed 07/25/08   Page 2 of 8   Document 7

Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is currently incarcerated at Racine Correctional Institution. However, the complaint concerns events that occurred while he was incarcerated at the Waushara County Jail. The plaintiff names the Waushara County Jail and two staff members, Jail Administrator Lt. Peterman and Nurse Dave Reich, as defendants. The plaintiff maintains that the defendants were deliberately indifferent to physical and

psychological harm he suffered due to the constant illumination of his cell, thereby violating his rights under the Eighth Amendment.

According to the complaint,[2] on April 3, 2008, the plaintiff filled out a request form asking for a sleep aid and/or relief from the constant illumination of his cell. Nurse Dave Reich responded the same day that the Waushara County Jail does not treat sleep problems and provided the plaintiff with a Health Professionals, Ltd. document containing suggestions of "some of the things that you can do for yourself if you are having trouble sleeping."

On April 12, 2008, the plaintiff submitted another complaint indicating that he was unable to sleep due to the constant illumination in the cell. He wrote, "[t]he lack of sleep is causing me problems mentally and physically." Staff member Johnson, who is not a defendant in this case, responded: "If the lights bother you, please put a towel over your eyes. The night lights need to be on for safety and security of all."

The plaintiff submitted a third complaint form, marked as an "appeal," on April 12, 2008. He stated he was unable to sleep due to the constant illumination of the cells. He alleged the light was causing him a great deal of suffering and problems, and stated that "the lack of sleep is really stressing me out, my headache [sic] are getting worse." Lt. Peterman responded the same day: "Day lights and night lights will stay on in all areas to provide for the safety and security of the jail."

---

[2]The plaintiff attached several Waushara County Jail Inmate Communication Forms to the complaint, documenting his correspondence with various jail staffers, as well as a "sleep sheet" provided to him by Dave Reich in response to one of his requests/complaints. These attachments are considered part of the complaint. *See* Fed. R. Civ. P. 10(c).

On April 19, 2008, the plaintiff completed another request form and complained he was still unable to sleep due to the constant illumination of light in his cell. He asked to be seen by a mental health professional. Defendant Reich responded on April 21, 2008, that the plaintiff's request had already been addressed.

The plaintiff complains that he was denied sleep aid and mental health care to address his problems, which caused a significant disruption in his everyday life, mentally and physically. The plaintiff maintains this constituted deliberate indifference to his serious medical and mental health needs in violation of the Eighth and Fourteenth Amendments.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical or mental health need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Illinois*, 220 F.3d 805, 810 (7th Cir. 2000). A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." *Tesch v. County of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. *See Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless."

*Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (citing *Farmer*, 511 U.S. at 840-42).

The plaintiff has alleged sufficient facts to support a claim under the Eighth Amendment for deliberate indifference to his medical and mental health against defendants RN Dave Reich and Lt. Peterman. However, the Waushara County Jail is not a "person" for purposes of federal civil rights statutes. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). The jail is, therefore, not a suable entity under 42 U.S.C. § 1983 and it will be dismissed.

In addition to various forms of monetary damages, the plaintiff requests both preliminary and permanent injunctive relief. When prison inmates challenge prison practices, their equitable claims are moot after they are moved to other prisons that do not apply those practices. *Stewart v. McGinnis*, 5 F.3d 1031, 1037-38 (7th Cir. 1993); *see also Fuller v. Dillon*, 236 F.3d 876, 883 (7th Cir. 2001) (finding plaintiff prisoner's equitable relief claims challenging prison policies moot after he had been transferred); *Henderson v. Sheahan*, 196 F.3d 839, 849 n. 3 (7th Cir. 1999) (same). The plaintiff's claims for injunctive relief will be denied as moot because he is no longer incarcerated at the Waushara County Jail.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's request to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Waushara County Jail be and hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's claims for preliminary and permanent injunctive relief be and hereby are **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.  The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service.  28 U.S.C. § 1921(a).  The current fee for waiver-of-service packages is $8.00 per item mailed.  The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3).  Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $336.79 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge